# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| Janet Tlapek,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Atlantic Credit & Finance Special Finance Unit, LLC, and Law Offices of Timothy E. Baxter & Associates, P.C.,<br><br>　　　　Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION AND VENUE

1.　Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. §§ 1692k(d) and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.　This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and by Defendant ACF's violations of the Michigan Occupational Code, M.C.L. § 339.901 *et. seq.*

("MOC"), in Defendants' illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred in Ionia County, Plaintiff resides in Ionia County, and Defendants transact business in Ionia County.

## PARTIES

4. Plaintiff Janet Tlapek is a natural person who resides in the County of Ionia, State of Michigan.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

6. Plaintiff is a "consumer" as the term is defined by 15 U.S.C. § 1693a(6).

7. Plaintiff is a "debtor" as the term is defined by M.C.L. § 339.901(f).

8. Plaintiff is a "consumer" as the term is defined by M.C.L. § 339.901(f).

9. Defendant Atlantic Credit & Finance Special Finance Unit, LLC, ("Defendant ACF" or "ACF") is a foreign company, with its domestic registered agent being CSC Lawyers Incorporating Service (Company), 601 Abbot Road, East Lansing, Michigan.

10. Defendant ACF uses interstate commerce and the mails in a business where its principal purpose is the collection of debts.

11. Defendant ACF is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. Defendant ACF is a "collection agency" as that term is defined by M.C.L. § 339.901(b).

13. Defendant Law Offices of Timothy E. Baxter & Associates, P.C. ("Defendant TEB" of "TEB") is a domestic professional service corporation.

14. Defendant TEB uses interstate commerce and the mails in a business where its principal purpose is the collection of debts.

15. Defendant TEB regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

16. Defendant TEB is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

17. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely a private label Best Buy Credit Card credit account with HSBC.

18. Upon information and believe, Plaintiff defaulted on the debt sometime in 2014.

19. Sometime after Plaintiff's default, the debt was consigned, placed, assigned, or otherwise transferred to Defendant ACF for collection from Plaintiff.

20. Plaintiff disputed the debt with Defendant ACF.

21. Plaintiff disputed the debt with Defendant TEB.

22. Defendant ACF has not indicated to Plaintiff that it has reported this debt as disputed to any credit bureaus.

23. Defendant TEB has not indicated to Plaintiff that it has reported this debt as disputed to any credit bureaus.

24. Plaintiff requested validation of the debt.

25. Defendant ACF contracted with, or acted through, Defendant TEB in its attempts to collect this debt.

26. Defendant TEB's acts were committed within the limits of the agency relationship with their principal, Defendant ACF.

27. A debt collector who hires legal professionals who are also debt collectors under the FDCPA to assist in collection activities has entered into a principal-agent relationship with the legal professionals. *See Fox* v. *Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994).

28. Defendant TEB's conduct relating to Plaintiff was authorized by Defendant ACF.

29. Defendant TEB's conduct relating to Plaintiff and the 64-A District Court case was for the benefit of Defendant ACF.

30. Defendant ACF sued Plaintiff in the 64-A District Court, in Ionia, Michigan.

31. Defendant TEB listed itself on the 64-A District Court pleadings, along with Timothy E. Baxter and Bradley Richard Johnson, as attorneys for ACF.

32. Case number 15-0544-GC was assigned to Defendant ACF's 64-A District Court lawsuit against Plaintiff.

33. Defendant ACF's Complaint sought $2058.87, plus statutory interest, court costs, and attorney fees.

34. Defendant ACF's Complaint included an affidavit, searing that Plaintiff "owed a balance of $2058.87" to Defendant ACF.

35. Defendant ACF alleged that the account was transferred from Citibank, NA.

36. Defendant ACF produced a Bill of Sale dated November 18, 2014 to Plaintiff.

37. Defendant ACF's affidavit alleged that the Plaintiff's account was charged off on October 12, 2014.

38. Plaintiff contested the accuracy and sufficiency of Defendant ACF's records in the 64-A District Court case.

39. Defendants ACF and TEB persisted in its attempts to collect this debt.

40. A bench trial was conducted on February 1, 2016.

41. Prior to the trail, Plaintiff contacted Defendant ACF, through Defendant TEB, by phone, in an attempt to settle the debt.

42. Defendants ACF and TEB refused to settle the debt prior to trial.

43. Prior to trial, Defendant ACF, through Defendant TEB, indicated to Plaintiff that she owed $2223.87 to Defendant ACF.

44. Upon information and belief, the $2223.87 amount asserted by Defendant TEB, on behalf of Defendant ACF, included costs and fees.

45. At no point did Plaintiff owe Defendant ACF $2223.87.

46. Claiming as presently due costs that are not actually due – even in small amounts – is a material misstatement for FDCPA purposes.

47. Defendant ACF did not produce any witnesses from Defendant ACF or Defendant TEB at the February 1, 2016, 64-A District Court trial.

48. The 64-A District Court issued an Order of Judgment in the amount of $902.00, in favor of ACF, dated February 1, 2016.

49. Plaintiff satisfied the Judgment by paying Defendant ACF, through Defendant TEB, $902.00 in February of 2016.

50. Plaintiff has suffered an injury in fact that is traceable to Defendant TEB's conduct, and is likely to be redressed by a favorable decision in this matter.

51. Plaintiff has suffered an injury in fact that is traceable to Defendant ACF's conduct, and is likely to be redressed by a favorable decision in this matter.

52. As a direct, actual, and proximate result of the acts and omissions the Defendants, Plaintiff has suffered actual damages in the form of lost productivity, lost earnings, emotional distress, frustration, upset, and embarrassment, amongst other negative emotions caused by Defendants' acts and omissions.

## TRIAL BY JURY

53. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.
### DEFENDANT ACF'S VIOLATIONS OF THE
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq*.

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. The foregoing acts and omissions of Defendant ACF and its agents constitute numerous and multiple violations of the FDCPA.

56. Defendant ACF's conduct violated 15 U.S.C. § 1692d by engaging in conduct where the natural consequence was to harass, oppress, or abuse Plaintiff.

57. Defendant ACF's conduct violated 15 U.S.C. § 1692e.

58. Defendant ACF violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of any debt.

59. Defendant ACF violated 15 U.S.C. § 1692e(2)(A) by making a false representation of the character, amount, or legal status of any debt when it claimed, prior to the entry of any Judgment, that Plaintiff owed $2223.87 to Defendant ACF.

60. From the perspective of the least sophisticated consumer, Defendant ACF violated 15 U.S.C. § 1692e(2)(A) by making a false representation of the character, amount, or legal status of any debt when it claimed, prior to the entry of any Judgment, that Plaintiff additional fees and costs to Defendant ACF.

61. Defendant ACF violated 15 U.S.C. § 1692e(2)(A) by making a false representation of the character, amount, or legal status of any debt when it claimed that Plaintiff owed $2058.87 to Defendant ACF.

62. Defendant ACF violated 15 U.S.C. § 1692e(8) by failing to communicate credit information that the debt was disputed.

63. Defendant ACF violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt.

64. Defendant ACF violated 15 U.S.C. § 1692f by using unfair or unconscionable means to attempt to collect a debt.

65. Defendant ACF violated 15 U.S.C. § 1692f when it attempted to collect any amount in excess of what was owed by Plaintiff.

66. From the perspective of the least sophisticated consumer, Defendant ACF violated 15 U.S.C. § 1692f when it attempted to collect any amount in excess of what was owed by Plaintiff.

67. Each violation of the MOC by the Defendant ACF, as outlined in this Complaint, is a violation of 15 U.S.C. § 1692f, being an unfair or unconscionable means to attempt to collect a debt.

68. As a result of Defendant ACF's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to

$1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant ACF.

## COUNT II.
## DEFENDANT ACF'S VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE
## M.C.L. § 339.901 *et seq.*

69. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

70. The foregoing acts and omissions of Defendant ACF and its agents constitute numerous and multiple violations of the MOC including, but not limited to, each and every one of the above-cited provisions of the MOC, M.C.L. § 339.911 *et seq.*, with respect to Plaintiff.

71. Defendant ACF violated M.C.L. § 339.915(a) by communicating with the Plaintiff in a misleading or deceptive manner.

72. Defendant ACF violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim.

73. Defendant ACF violated M.C.L. § 339.915(n) by using one or more harassing, oppressive, or abusive method to collect a debt.

74. Defendant ACF violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent each of the above-listed MOC violations by Defendant ACF's employees.

75. As a result of Defendant ACF's willful violations of the MOC, Plaintiff is entitled to actual damages above $50.00 pursuant to M.C.L. § 339.916; statutory damages in an amount up to $150.00 pursuant to M.C.L. § 339.916; and reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916, from Defendant ACF.

## COUNT III.
## DEFENDANT TEB'S VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*

76. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

77. The foregoing acts and omissions of Defendant TEB and its agents constitute numerous and multiple violations of the FDCPA.

78. Defendant TEB's conduct violated 15 U.S.C. § 1692d by engaging in conduct where the natural consequence was to harass, oppress, or abuse Plaintiff.

79. Defendant TEB's conduct violated 15 U.S.C. § 1692e.

80. Defendant TEB violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of any debt.

81. From the perspective of the least sophisticated consumer, Defendant TEB violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of any debt.

82. Defendant TEB violated 15 U.S.C. § 1692e(2)(A) by making a false representation of the character, amount, or legal status of any debt when it claimed, prior to the entry of any Judgment, that Plaintiff owed $2223.87 to Defendant ACF.

83. Defendant TEB violated 15 U.S.C. § 1692e(2)(A) by making a false representation of the character, amount, or legal status of any debt when it claimed that Plaintiff owed $2058.87 to Defendant ACF.

84. Defendant TEB violated 15 U.S.C. § 1692e(8) by failing to communicate credit information that the debt was disputed.

85. Defendant TEB violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt.

86. From the perspective of the least sophisticated consumer, Defendant TEB violated 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt.

87. Defendant TEB violated 15 U.S.C. § 1692f by using unfair or unconscionable means to attempt to collect a debt.

88. From the perspective of the least sophisticated consumer, Defendant TEB violated 15 U.S.C. § 1692f when it attempted to collect any amount in excess of what was owed by Plaintiff.

89. Defendant TEB violated 15 U.S.C. § 1692f when it attempted to collected any amount in excess of what was owed by Plaintiff.

90. As a result of Defendant TEB's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant TEB.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants as follows:

### COUNT I.
### DEFENDANT ACF'S VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant ACF and in favor of Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant ACF and in favor of Plaintiff; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant ACF and in favor of Plaintiff.

## COUNT II.
## DEFENDANT ACF'S VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE
## M.C.L. § 339.901 *et seq.*

- for damages pursuant to M.C.L. § 339.916(2) against Defendant ACF and in favor of Plaintiff;

- for treble damages pursuant to M.C.L. § 339.916(2) against Defendant ACF and in favor of Plaintiff; and

- for reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2) against Defendant ACF and in favor of Plaintiff.

## COUNT III.
## DEFENDANT TEB'S VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant TEB and in favor of Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant TEB and in favor of Plaintiff; and

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant TEB and in favor of Plaintiff.

Respectfully submitted,

GOLDEN LAW OFFICES, P.C.

Dated: May 25, 2016

/s/ B. Thomas Golden
B. Thomas Golden (P70822)
Attorney for the Plaintiff
2186 West Main Street
P.O. Box 9
Lowell, Michigan 49331
Telephone: (616) 897-2900
Facsimile: (616) 897-2907
btg@bthomasgolden.com